**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM WADE CONLEY, JR.** | ) | |
| | ) | |
| v. | ) | 3-08-CV-560-N |
| | ) | (Consolidated with |
| **NATHANIEL QUARTERMAN, Director,** | ) | 3-08-CV-561-N |
| **Texas Department of Criminal Justice** | ) | 3-08-CV-562-N) |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: On November 21, 2003, Conley appeared in court and entered pleas of guilty to the offenses charged in the indictments returned in Cause Nos. F-03-49089, F-03-49090, F-03-49091 and F-03-72133. The guilty pleas were made in exchange for the prosecution's agreement to request the state court to order terms of deferred adjudication community supervision ranging in length between five years and ten years. The trial court accepted the guilty pleas and assessed terms of supervised release in accordance with the agreed to terms together with fines and

costs.

No appeals were taken from the orders imposing terms of deferred adjudication probation. However, on August 25, 2004, the prosecution filed motions to proceed with an adjudication of guilt in each of the cases based upon alleged violations of the terms of his probation. On January 6, 2005, the trial court conducted a hearing to consider the State's motions. At the conclusion of the hearing the court adjudicated Conley guilty on each indicted charge, revoked the terms of supervised release and sentenced him to prison terms of ten years in the TDCJ on No. F-03-49089, ten years on No. F-03-49090, and 60 years on No. F-03-49091, and a term of two years in the State Jail Division on F-03-72133. The sentences were to be served concurrently. Direct appeals were taken in each case. After counsel was granted leave to withdraw and Conley was permitted to file a *pro se* brief the Fifth Court of Appeals at Dallas affirmed all four judgments in an unpublished opinion filed on May 16, 2006. No petition for discretionary review was sought.

On May 24, 2007, Conley filed four separate applications for habeas corpus relief in the convicting state court pursuant to art. 11.07, Texas Code of Criminal Procedure. On March 19, 2008, the Court of Criminal Appeals dismissed his application attacking his conviction in No. F-03-72133 [WR-68,124-01] due to the fact that his two year state jail had been discharged. Each of the remaining applications, attacking his convictions in F-03-49089 [WR-68,124-02], F-03-49090 [WR-8,124-04] and F-03-49091 [WR-68,124-03], was denied without written order on findings of the trial court without a hearing.

Petitioner filed three § 2254 petitions on March 26, 2008[1] attacking his convictions in the

---

[1]The petitions are deemed to have been filed on the date on which Conley signed his petitions and presumably placed them in the prison mail system. *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998).

2

three cases in which the Court of Criminal Appeals denied relief. Because the grounds raised in each petition are identical and involve the same factual milieu, the petitions were consolidated under the first docketed number. In response to the consolidated petitions and this court's show cause order Respondent filed an answer and copies of Conley's prior state proceedings. Petitioner filed his reply (traverse) on August 27, 2008.

**Findings and Conclusions**: The grounds for relief which Conley asserts are governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA") which in pertinent part forecloses federal habeas corpus relief when a constitutional claim has been adjudicated on the merits in the state court system unless the state court decision was "contrary to, or involved an unreasonable application of a clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In his first ground for relief Petitioner claims that the prosecution knowingly used the perjured testimony of Tanisha Moss to support its motions to proceed to adjudicate his guilt in the four previously probated cases in violation of his right to due process. In order to establish a constitutional violation a habeas petitioner must show that the prosecution knowingly used false testimony. *See Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173 (1959).

In its findings of fact and conclusions of law with respect to this claim, the trial court noted that the discrepancy between the contents of the purported police report and Ms. Moss's in-court testimony did not suffice to establish that her testimony was perjured. *See e.g.* WR-68,124-02, at 105-106, ¶¶ 20-34.[2] These findings of fact are presumed to be correct. § 2254(e). Here the findings

---

[2]Except for WR-68,124-01 in which the trial court found that Conley could not seek relief due to his discharge from custody, the trial court made identical findings in each art. 11.07 application with respect to the "perjured testimony" claim. *See* WR-68,124-02 at 157-158, ¶¶

3

are wholly consistent with the record of proceedings at the revocation hearing held on January 6, 2005. Reporter's Record, Volume 4. Conley has failed to establish that Moss's testimony was false or that the prosecution knowingly presented perjured testimony. Accordingly he is not entitled to relief on his first ground.

Each of the remaining three grounds claim that he was denied effective assistance of counsel - first by the attorney who represented him at the initial proceedings in 2003 and second by the attorney who represented him at the revocation hearing in January 2005.[3]

Ineffective assistance of counsel claims are governed by the two-prong test enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to be entitled to relief a habeas applicant must show that his attorney's performance was objectively deficient, that is, that the attorney was not functioning as the counsel guaranteed under the Sixth Amendment and that the attorney's errors were so egregious as to deprive the accused of a fair trial.

As noted above, the terms of deferred adjudication probation were pursuant to plea bargains in which Conley entered pleas of guilty. When an ineffective assistance of counsel claim is asserted in the context of a guilty plea in order to establish the "prejudice" prong of the *Strickland* test a

---

47-62 and WR-68,124-04 at 105-106, ¶¶ 20-34.

[3]One provision of the AEDPA imposes a one-year limitation period of a state prisoner's right to seek federal habeas corpus relief. § 2244(d)(1)(A)-(d). Under the law of this circuit an order of deferred adjudication probation entered by a Texas state court constitutes a final judgment under § 2244. *See Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005). The orders of a deferred adjudication probation in Conley's case were filed on December 10, 2003. Although Texas state law did not authorize a direct appeal in such circumstances, the latest date on which appeals could have been filed would have been in January 2004 and the one-year period to collaterally attack his initial attorney's representation expired in January 2005, more than two years before he filed his state habeas applications. However, a limitations bar is an affirmative defense which can be waived as evidenced by the fact that Respondent's answer responds to Petitioner's attack on Mr. Spears's representation on the merits.

4

defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

In his habeas applications he claims that his initial attorney failed to file a motion to suppress in the drug possession and the unlawful possession of a firearm cases and that his attorney failed to advise him that the victim in the aggravated robbery case did not want to press charges. However, in neither his state habeas applications nor in his § 2254 petition has Conley alleged and proven that he would have rejected the terms of probation in exchange for his pleas of guilty and demanded that his attorney litigate a motion to suppress and proceed to trial, exposing him to terms of imprisonment ranging between two years and life imprisonment in the Texas prison system. Therefore, he has failed to allege and establish a basis for relief on Grounds 2 and 4 in his § 2254 petition. *See also Craker v. McCotter,* 805 F.2d 538, 541-42 (5th Cir. 1986).

Moreover, the attorney, Edward Spears, filed in affidavit dated on September 17, 2007, and a supplemental affidavit dated October 16, 2007, in the art. 11.07 cases. With respect to the victim of the aggravated robbery charge he related that the victim refused to execute an affidavit of non-prosecution and advised the attorney that Conley had threatened her. *See e.g.* WR-68,124-02 at 114-15. With respect to the illegal search claim Spears related that Petitioner accepted the prosecution's plea offer rather than pursuing a motion to suppress. *Id.* at 121. In its findings and conclusions filed in the three art. 11.07 applications on which the Court of Criminal Appeals *denied* relief on the basis of the trial court's findings, the trial court judge found that Spears was a credible individual worthy of belief and supported a finding that the guilty pleas were voluntarily entered, WR-68,124-02 at

5

103-104 and that Spears provided effective assistance of counsel. *Id.* at 110-111.[4]

In Ground 3 Petitioner attacks the representation afforded by the attorney who represented him at the revocation hearing on January 6, 2005. The state trial court obtained an affidavit from Robert D. Burns, III, who was retained for the revocation hearing. *See e.g.* WR-68,124-023 at 118-119. In the court's findings of fact and conclusions of law, the judge found that the attorney was a credible witness and worthy of belief. He reiterated various statements contained in the affidavit and concluded with a finding that Conley failed to establish that he had been denied effective assistance of counsel at the revocation hearing. *Id.* at 106-109, ¶¶ 35-50. These findings of fact, which are presumed to be correct, reject Petitioner's claims that Mr. Burns did not conduct an investigation. He has failed to overcome the strong presumption that his retained attorney's conduct came within the bounds of the wide range of reasonable professional assistance. *Strickland, supra,* 466 U.S. at 689. Nor has he satisfied either prong of *Strickland's* two-part test. Accordingly relief on his third ground should be denied.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Conley's § 2254 petition be denied and

---

[4] The findings on which relief was denied in Nos. WR-68,124-03 and WR-68,124-04 are identical to those in WR-68,124-02.

dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for the Respondent.

SIGNED this 27th day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.